# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1835

_____

United States of America

*Plaintiff - Appellee*

v.

Johna Loreen Vandemore, also known as Johna Volger, also known as Johna Ratliff

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 29, 2016
Filed: April 11, 2016
[Unpublished]

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Johna Vandemore waived indictment and pled guilty, pursuant to a plea agreement, to one count of mail fraud in violation of 18 U.S.C. § 1341. Vandemore was sentenced to a term of 18 months imprisonment. She now appeals her sentence

asserting that the district court[1] erred under the advisory sentencing guidelines in applying an increase in the offense level for an offense that involves sophisticated means. We affirm.

Vandemore did not object to the facts of the offense conduct as set forth in the presentence investigation report and also agreed to the factual basis for her guilty plea as set forth in the plea agreement. No additional evidence with respect to the offense conduct was presented at the sentencing hearing. Vandemore perpetrated an extortion scheme that involved the United States mails and emails and spanned at least six years. In 2007, Vandemore and the victim engaged in a sexual relationship. In August 2007, Vandemore contacted the victim and advised that she was pregnant with the victim's child. In actuality, Vandemore was either not pregnant or had miscarried and faked the continuation of the pregnancy in order to obtain money from the victim. The victim explained he did not desire to have a relationship with the child and initially refused to pay Vandemore, but when Vandemore threatened court action, he agreed to provide financial support of $1,000 per month and pay additional monthly expenses. As part of the scheme, Vandemore sent the victim a falsified birth certificate indicating Vandemore had delivered a daughter.

Vandemore submitted falsified medical bills to the victim for the fictitious child, which the victim paid. When the victim asked Vandemore questions related to the paternity of the child, she threatened legal action. When the victim requested photographs of the child on several occasions, Vandemore sent photographs of Vandemore's niece representing that they depicted her daughter. Some of these photographs were transmitted to the victim via email. When the victim questioned the authenticity of the photographs, Vandemore again threatened legal action.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

From August 2007 to October 2013, the victim paid Vandemore at least 90 separate cash payments totaling $95,850. He also paid medical bills submitted to him. In all, the victim paid Vandemore at least $100,000 in support payments and medical bills. These payments were sent by check from the victim to Vandemore through the United States mail addressed to a post office box in Bettendorf, Iowa. Vandemore regularly traveled to Bettendorf and picked up and cashed these checks.

When Vandemore's husband questioned the source of these sums, she falsely claimed that the money was compensation owed from prior employment. Eventually, the victim grew suspicious and discovered that he had been defrauded after conducting his own investigation and utilizing the services of a private investigator.

Where the facts underlying the sophisticated means enhancement are not in dispute we review de novo "whether the district court correctly applied the guidelines when it determined those facts constitute sophisticated means." United States v. Hart, 324 F.3d 575, 579 (8th Cir. 2003). In this appeal, Vandemore does not challenge the district court's factual findings. Instead, she challenges the district court's legal conclusion that those facts constituted sophisticated means under the guidelines contending that procedural error was committed.

Under the guidelines, sophisticated means are "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." United States Sentencing Commission, Guidelines Manual, § 2B1.1(b)(10)(C) cmt. n.9(B). The sophisticated means enhancement is appropriate when the offense conduct, "viewed as a whole, was notably more intricate than that of the garden-variety [offense]." United States v. Hance, 501 F.3d 900, 909 (8th Cir. 2007). "Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme." United States v. Finck, 407 F.3d 908, 915 (8th Cir. 2005).

After reviewing the application of the sentencing enhancement de novo, we conclude that Vandemore's conduct was of sufficient complexity and coordination as to justify the application of the sophisticated means enhancement. Her scheme was perpetrated over a six-year period, during which time her victim was defrauded out of over $100,000 paid out in at least 95 payments mailed to a post office box in another city. The perpetration of the plan involved the fabrication of a story with respect to the birth of a child, the falsification of a birth certificate and medical records, the promulgation of borrowed photographs contending that they depicted her nonexistent daughter, and the use of the mails and emails to execute her plan. Viewing the offense conduct as a whole, we agree with the district court that the offense conduct was sufficiently more intricate and repetitive than the garden-variety offense so as to support the imposition of the sophisticated means enhancement. See United States v. Jenkins, 578 F.3d 745, 751-52 (8th Cir. 2009) (affirming application of sophisticated means enhancement in insurance fraud case where defendant "lied about meeting with applicants; forged applicant signatures; provided false driver's license numbers, social security numbers, addresses, and employment information; arranged for a co-schemer to falsify medical examination results and forward them to the insurers; sold dozens of fraudulent policies over a time period of at least three years; and conspired with co-schemers in Texas, California, and Florida to defraud insurers in Iowa and Maryland"); United States v. Rettenberger, 344 F.3d 702, 709 (7th Cir. 2003) (affirming that husband and wife's faking of husband's disability to collect insurance money, though consisting of simple lies, was sophisticated because "[c]areful execution and coordination over an extended period enabled the [defendants] to bilk more insurers and reduce the risk of detection").

We affirm Vandemore's sentence.

_____

-4-